Bland, Judge,
delivered the opinion of the court:
The examiner of the United States Patent Office disallowed all of appellant’s claims in his application for a patent for a table-top protector, for want of invention in view of the prior art. The decision of the examiner, refusing to allow the claims, was affirmed by the Board of Appeals, and, from the decision of the latter, appellant has appealed here.
The application relates to a table-top protector having a plurality of sections, which sections are connected by fabric hinges. There is *1168 a top and bottom covering for the table-top protector. The protector contains a strip of flexible material, having its central part bent to a U shape, and its opposite edges turned outwardly. The U-shaped portion of the strip is secured by thread stitches to the top covering. The lower covering to the protector has a part which is located in the U-shaped part of the hinge strip, and the same is secured to the U-shaped part by thread stitches. In this manner, hinges are formed between the different sections of the protector, which hinges are located substantially in the plane of the outer covering thereof. This structure allows the protector to be folded in one direction.
Appellant claims that his invention avoids unsightly wrinkling and unevenness at the folds and thus prevents an unevenness on the top of the table which comes in contact with articles placed thereon. Appellant further urges that the joints in his protector are, by reason of the particular structure above described, stronger than the folding joints in protectors of the prior art.
In appellant’s appeal to this court, he has assigned error only as to the rejection of claims 14, 15, 16, and 11. While claim 9 was before the board, the appeal as to it is here dismissed. The rejected claims before us, as they appear in the record, are as follows:
14. The combination in a table top protector, of a plurality of sections, top and bottom coverings for the sections, and. a strip of flexible material its central part bent to a U shape and its opposite edges turned outwardly, the U-shaped portion being located between and in contact with the adjacent edges of the interior parts of two adjacent sections and the said outwardly turned edges secured to the exterior surfaces of the edges of the said interior parts; said strip of material with one of said coverings forming a hinge between two-sections and said hinge being located substantially in the plane of the said outer covering and allowing one section to be turned over in one direction only upon the surface of an adjacent section.
15. The subject matter of claim 14 wherein the U-shaped portion of said strip is secured by thread stitches to said covering.
16. The subject matter of claim 14 wherein the covering in contact with the outwardly turned edges of said strip has a portion thereof located within the U-shaped part of said strip and is secured to said U-shaped part by thread stitches.
17. The subject-matter of claim 14 wherein the covering in contact with the outwardly turned edges of the said strip has a portion thereof located within the U-shaped part of said strip and the said two coverings and the U-shaped strip are united by thread stitches.
The references relied upon by the examiner are as follows;
Brunke, 884067, Apr. 7, 1908.
Lydon, 1154036, Sept. 21, 1915.
Laidman, 1378471, May 17, 1921.
The patent to Brunke relates to a folding table pad of the sectional type united by joints. Cotton or linen pieces are included in *1169 the joints by stitches which extend through the layer of the top of the protector.
The patent to Lydon was referred to by the examiner only in connection with claim 9 which claim is now out of the case, and it will not be necessary for us to give said reference any consideration.
The Laidman patent relates to a sectional folding table pad, the bottom and top layers of which are of fabric. At the joints where the pad folds, the bottom fabric or cover is given a U-shaped bend which forms a hinge. In the Laidman disclosure the pad is shown as folded in two directions, and where it is desirable to have a hinge folding in the opposite direction to that above described, the top covering of the pad is given the U-shaped bend downwardly at the hinge.
While the examiner discussed the three references above set out, the Board of Appeals did not discuss each reference in detail, except the reference Brunke. Concerning Brunke and appellant’s application, the board said:
It is tlie same general type of joint as shown in the patent to Prunke. However, the fabric cover that is folded inwardly and attached by stitching to the cover at the other side of the pad in this application is believed to be reinforced by a strip 6, although appellant contends that it is not a reinforcing strip.
In our opinion it does not involve invention to place a reinforcement with the cover at the hinge in this manner if it is found that the fabric alone is not sufficient.
It was evidently the view of the board that while the reference •did not meet all of appellant’s structure, it did meet all that was inventive thereof.
We are constrained to disagree with this conclusion of the board. Appellant’s structure, as above described, has the novel strengthening feature, which is shown at “ e ” in figure 3 of the application drawings and which consists in inserting an extra strip of flexible material between and in contact with the adjacent edges of the interior parts of the two adjacent sections. The edges of the U-shaped strip are turned outwardly, and by stitching, as is above described, the strip is securely fastened to the cover of the protector. We think that appellant’s structure, as called for by the claims, inherently has the character of giving, in a novel way, additional strength over that shown in the references, and that the applicant has contributed usefully to the art involved. We conclude that such contribution is the result of invention rather than mechanical skill, and that claims 14, 15, 16, and 17 should have been allowed.
The decision of the Board of Appeals as to claims 14, 15, 16, and 17 is reversed.